IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHANTELL D. NEWMAN, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 21-1509-RGA |
| | : |
| MR. BIDEN ADMINISTRATION, et al., | : |
| | : |
| Defendants. | : |

Shantell D. Newman, Wilmington, Delaware. Pro Se Plaintiff.

**<u>MEMORANDUM OPINION</u>**

April 7, 2022
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Shantell Newman appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). She commenced this action on the basis of a federal question and a "human right to choose." (D.I. 2 at 3.) The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Plaintiff sues Defendants "Mr. Biden Administration" and the Bancroft School in Wilmington, Delaware. She appears to bring this action on behalf of herself and her minor son who is disabled. Plaintiff alleges that her son is unable to do virtual learning due to the shortage of teachers. She takes exception to a COVID vaccination mandate and alleges that it is "a State right to refuse vaccines under Emergency use." Plaintiff fears retaliation from the President if she does not get vaccinated. She seeks $500,000,000 in damages and an end to the vaccination mandate.

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to

1

a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

2

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

There are no allegations that Plaintiff is a federal worker or that any federal mandate requiring vaccines applies to her. Moreover, the "Mr. Biden Administration" is immune from suit to the extent Plaintiff seeks to enjoin the President in the performance of official duties. *See Franklin v. Massachusetts*, 505 U.S. 788, 802-03 (1992). Finally, the Complaint contains no plausible allegations supporting a request for relief against President Biden or his administration.

The claim against the Bancroft School also fails. The claims against it involve Plaintiff's son and the education he receives there. There are no allegations that Plaintiff attends the school. Rather, it is her son. As a non-attorney, Plaintiff may not act as an attorney for other individuals and may only represent herself in this court. 28 U.S.C. § 1654; *see also Osei-Afriye v. The Medical College of Pennsylvania*, 937 F.2d 876 (3d

Cir. 1991) (non-lawyer appearing pro se may not act as attorney for his children).  The Complaint contains no cognizable claims for relief.  Therefore, it will be dismissed.

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint to the extent it alleges claims on behalf of Plaintiff pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  Amendment is futile.  To the extent it alleges claims on behalf of Plaintiff's son, the Complaint will be dismissed without prejudice.

An appropriate Order will be entered.